# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 26, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MICHELLE B. WILLIAMS,**
**Claimant Below, Petitioner**

**vs.)   No. 15-1188** (BOR Appeal No. 2050563)
              (Claim No. 2002049883)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**UNITED HOSPITAL CENTER, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Michelle B. Williams, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Jacqueline A. Hallinan, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 28, 2015, in which the Board affirmed a June 12, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 1, 2014, decision denying a request to reopen the claim for consideration of a permanent total disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Ms. Williams, a registered nurse, developed a severe latex allergy in the course of her employment for United Hospital Center, Inc. The allergy led to the development of dermatological and respiratory problems. Ms. Williams was granted a 34% permanent partial disability award on August 15, 2005. On May 8, 2008, the Office of Judges reversed the decision and granted Ms. Williams an additional 4% permanent partial disability for a total award of 38%. Ms. Williams thereafter applied for a permanent total disability award on June 23, 2014.

The claims administrator denied Ms. Williams's request to reopen her claim for a permanent total disability award on August 1, 2014. The Office of Judges affirmed the decision in its June 12, 2015, Order. It found that Ms. Williams suffers from respiratory and dermatological problems as a result of her occupational exposure to latex. She has also suffered from anaphylactic shock and autoimmune disease. She was initially granted a 34% permanent partial disability award. The Office of Judges then granted her an additional 4% for a total award of 38% permanent partial disability. The Office of Judges found in this case that the first step a claimant must overcome in order to reopen a claim for permanent total disability is to show that they have received 50% or more in permanent partial disability awards. West Virginia Code § 23-4-6(n)(1) (2005). It found that Ms. Williams failed to meet this first threshold. The Office of Judges further found that she did not timely file her reopening application. In accordance with West Virginia Code § 23-4-16(a)(2) (2005), the application would have to have been filed within the five year period after her initial award for permanent partial disability, which was dated August 15, 2005. Ms. Williams did not file her application until June 23, 2014, clearly outside of the timeframe. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order.

After review, we agree with the reasoning of the Office of Judges and conclusions of the Board of Review. Though Ms. Williams submitted many medical records documenting her treatment throughout the years, she is unable to meet the first threshold for a permanent partial disability award.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: October 26, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II